IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BRATTON,<br><br>Plaintiff,<br><br>v.<br><br>BEN CURRY, E. KLEIN, A. JANNAH, B. HEDRICK, M. RAGHUNATH, L. MACKEY, J. CHURDY, J. ABOYTES,<br><br>Defendant. | No. C 07-2928 JSW (PR)<br><br>**ORDER OF SERVICE OF EIGHTH AMENDMENT, EQUAL PROTECTION and RLUIPA CLAIMS AND INSTRUCTIONS TO THE CLERK** |

## INTRODUCTION

Plaintiff, currently incarcerated at the Correctional Training Facility in Soledad, California, has filed this civil rights complaint regarding the conditions of his confinement at the prison. On July 17, 2007, Plaintiff filed an amended complaint and a Second Amended Complaint, filed on October 29, 2007, which is now the operative pleading in this matter. Plaintiff has also filed a motion to proceed *in forma pauperis*, which is GRANTED in a separate order. This Court now reviews the Second Amended Complaint pursuant to 28 U.S.C. § 1915A and serves certain claims as set forth below.

## STATEMENT OF FACTS

In the complaint, Plaintiff alleges that prison officials refused to serve him a kosher or halal diet with meat. Plaintiff contends that kosher meat is an adequate substitute for the halal meat required for Muslims and that it is preferable to the

vegetarian diet alternative he is offered by the facility to comply with his religious dietary needs. Plaintiff asserts that the failure to provide meat to him as an observant Muslim is discriminatory, because Jewish prisoners are provided with kosher meat, but Muslims are not provided halal meat that meats their religious requirements. Plaintiff also alleges that because he suffers from leukemia, that a non-meat diet is inadequate to meet his medical and nutritional needs and the recision of his medical chrono for a kosher diet and the failure to provide him with appropriate meat violates his constitutional rights.

Plaintiff also complains that his appeal in the prison mail to the warden about this issue was interfered with by correctional staff and that his appeal regarding the denial of his medical chrono was not accepted by the appeals coordinator, on the grounds that it had been denied in an earlier appeal. Plaintiff alleges that the earlier appeal raised the religious rather than the medical dietary restrictions and should have been processed by the appeals coordinator. Plaintiff further complains that the failure to provide him with halal or kosher meat as a permissible substitute violates his rights under the First Amendment and under the Religious Land Use and Institutionalized Persons Act, ("RLUIPA",) 42 U.S.C. § 2000cc-1. Plaintiff seeks declaratory and injunctive relief, as well as damages.

Plaintiff has also raised claims regarding an unrelated medical, work and retaliation claims against different Defendants. However, these claims are not properly joined with his religious and medical diet claims and will be dismissed without prejudice to Plaintiff filing them as separate actions.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

2

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

I.  Eighth Amendment, Equal Protection, Administrative Appeals and First Amendment Claims

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the

3

existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *See id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (temporary diet of Nutraloaf, which exceeds inmate's daily nutritional requirements, does not violate 8th Amendment).

Petitioner has stated an Eighth Amendment claims with regard to the deprivation of a diet including meat that complies with his religious dietary restrictions and meets his nutritional needs with regard to his health condition against Defendants M. Raghunath, B. Hedrick, E. Klein, B. Curry, W.J. Hill, A. Jannah, J. Chudy, J. Aboytes, and N. Grannis.

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests. *See Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). To reach the level of a constitutional violation, "the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an

4

interference with a tenet or belief that is central to religious doctrine.'" *Id.* at 737 (quoting *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)). A prisoner may be inconvenienced in the practice of his or her faith so long as the governmental conduct does not prohibit the prisoner from "participating in the mandates of his religion." *See id.* (failure to give notice allowing time for cleansing ritual, shackling, requiring sign-in for services and abusive language directed at faith failed to rise to a constitutional level). A prison regulation that impinges on an inmate's First Amendment rights is valid if it is reasonably related to legitimate penological interests. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); ; *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (remanding for district court to determine whether denial of kosher diet was reasonably related to prison's legitimate interest in streamlining food service).

While Plaintiff alleges that the prison has interfered with the practice of his religion by providing him with a vegetarian diet, it cannot be said that the failure to provide halal meat alone while otherwise providing an otherwise religiously permissible diet constitutes "' an interference with a tenet or belief that is central to religious doctrine.'" *Freeman,* 125 F.3d at 737. Plaintiff has not alleged that his religion requires the consumption of meat, only that his dietary and health preference is to have a religiously permissible diet that includes meat. Therefore, this claim is DISMISSED.

The Equal Protection Clause requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts," *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (Buddhist prisoners must be given opportunity to pursue faith comparable to that given Christian prisoners), as long as the inmate's religious needs are balanced against the reasonable penological goals of the prison, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). *See Allen v. Toombs*, 827

5

F.2d 563, 568-69 (9th Cir. 1987). Plaintiff's claim that the failure to provide a halal diet including meat to Muslims, while providing a kosher diet to observant Jews is sufficient to state an Equal Protection claim against the above Defendants.

The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies to any "program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1).

RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (citing 42 U.S.C. § 2000cc-5(7)(A)). While it is certainly questionable whether the failure to provide halal meat constitutes a substantial burden on the exercise of Plaintiff's religion, the claim is sufficient to be served against the above Defendants.

There is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *accord Wolff v. McDonnell*, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions). California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance

procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (same); *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same). A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983. *See Buckley*, 997 F.2d at 495; *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Therefore, Plaintiff's claim that his appeal was denied as having already been addressed in an earlier appeal fails to state a claim.

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). However, generally, prison officials may inspect both incoming and outgoing non-legal mail. *See Witherow*, 52 F.3d at 265-66 (upholding inspection of outgoing mail); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail). Prison officials may also institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). Plaintiff's allegations that his administrative appeal sent to the warden was improperly opened fails to state a claim for relief, as an administrative appeal does not constitute 'legal mail' which can be examined, and the single incident of a two week delay in sending a piece of mail addressed to the warden is insufficient to state a claim for constitutional relief.

II      Joinder of Claims

Federal Rule of Civil Procedure Rule 20 provides,

7

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a). Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . .on such terms as are just. F. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

In this case, Plaintiff asserts numerous unrelated claims against different Defendants related to dental care, provision of glasses and prescription medication, his work assignments, interference with his parole and lack of mental healthcare that are not properly joined with his claims regarding the failure to provide him with kosher or halal meat. These claims do not involve the same transaction, occurrence or series of transactions or occurrences as the denial of halal or kosher meat claims. Therefore, those claims, which are set forth in the amended complaint at pages 13-30 are DISMISSED without prejudice to asserting them in another action.

III.  Eleventh Amendment

Plaintiff's claims against the State of California and the California Department of Corrections and Rehabilitation are barred by the Eleventh Amendment. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 676-77 (1974). This Eleventh Amendment immunity also extends to suits against a state agency, *see, e.g., Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir. 2003) (11th Amendment bars suit against state superior court and its employees); *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir.), *amended*, 127 F.3d 1135 (9th Cir. 1997) (state case law and constitutional provisions make clear that California Superior Court is state agency). Therefore, these Defendants

are DISMISSED from this action.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim against Defendants M. Raghunath, B. Hedrick, E. Klein, B. Curry, W.J. Hill, A. Jannah, J. Chudy, J. Aboytes, and N. Grannis. All other Defendants are DISMISSED and the Clerk shall TERMINATE them from this action. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint and all attachments thereto, and a copy of this order upon: **Defendants M. Raghunath, B. Hedrick, E. Klein, B. Curry, W.J. Hill, A. Jannah, J. Chudy, J. Aboytes**, **at the Correctional Training Facility in Soledad, California and against Defendant N. Grannis at the California Department of Corrections and Rehabilitation in Sacramento, California.** The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

   **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

   All papers filed with the Court shall be promptly served on the Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed. The following notice is for the benefit of all pro se litigants:

9

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

c. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and Defendant or Defendant's counsel informed of any change of address by filing and serving a separate paper entitled "Notice of Change of Address" and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: January 9, 2008

_____
JEFFREY S. WHITE
United States District Judge

11

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BRATTON, | Case Number: CV07-02928 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| BEN CURRY et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Bratton
P.O. Box 689
J45341
Soledad, CA 93960-0689

Dated: January 9, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk