RONALD BRATTON J-45341
CTF          CW-133L
P.O. BOX 689
SOLEDAD, CA 93960-0689



ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD BRATTON,

        Plaintiff,

        v.

BEN CURRY, Acting Warden, CTF, et.,al
E. KLEIN,, A. JANNAH, B. HEDRICK
M. RAGHUNATH, L. MACKEY, J. CHUDY,
J. ABOYTES,

        Defendants,

No. C 07-2928 JSW (PR)

MOTION FOR RECONSIDERATION
FROM ORDER OF SERVICE ON
EQUAL PROTECTION AND RLUIPA
CLAIMS.

---

The plaintiff requests a "re-hearing on the decision from the order of the court on January 9, 2008. There is definitely "A major genuine issue of material fact," in the court's findings," First the plaintiff""NEVER COMPLAINS THAT THE FAILURE TO PROVIDE HIM WITH HALA L OR KOSHER MEAT VIOLATES HIS CONSTITUTIONAL RIGHTS," AND OR HIS PREFERENCE OF MEALS IS THE ISSUE." The plaintiff was limited to his complete explanation of his charges in the complaint by the guidelines set in the forms issued which clearly state, Do not give any legal arguments or cite any cases or statutes." The plaintiff there attaches the "exact charges in the "Exhibits attached to the complaint to show exactly what charges and statutes were violated." The 'claim form' asks for the facts of the case, I.E., what happened. and who did what? The Claims are as followed.

-1-

The constitutional right of 'Equal treatment" is violated, because the Muslims are not afforded the 'Kosher" (not Halal) meals while the Jewish prisoners do. (Both meant to satiSfy dietary restrictions of there prospective religions) Thomas v Gunther, 32 F3d. 1258, 1260 (8th Cir. 1994) Cooper vs State of CA, Northern Distist of CA, case C-02-3712 JSW(2003) 14th Amend. 42 U.S.C. 1983

The next Constitutional right violation was refusal to follow a medical treatment by an employee, which was required to prevent a serious injury or harm." The First Amendment right of plaintiff's right to practice his religion was violated by the food-manger when he refused to provide the medically prescribed diet "for his known anemic condition (plaintiff was diagnosed with leukemia in August˜02, by State hired specialist, see ex. 2) when food-manager realized plaintiff was a Muslim." 1st Amennd. 42 U.S.C. §2000cc

The next Constitutionalright violation was "Delibert Indifference" by the Chief Medical Officer for re-cinding "The known medically prescribed diet, HE AUTHORIZED to treat plaintiff's condition, AFTER HE WAS TOLD PLAINTIFF WAS A MUSLIM." 8th Amendment Violation is this issue.

The Fourth Constitutional Violation was violation of plaintiff's right for Legal Confidential Mail by those listed in Count III. The Court must have mistakenly mis-read the plaintiff's claim. The Confidential Legal Mail was "sealed, addressed properly, and handed to the prison officials 'with an attached withdrawal slip' to be put into the United States Mail, not prison mail. It took a de-liberate act of violation of confidential mail to open that letter to see what was in it, to try to circumvent plaintiff's actions, which lead to the retalitory action taken against him for the "602 Appeal" which was the information contained in that letter. The action taken against plaintiff was on March 15,2007, the evening

-2-

the    plaintiff "clearly explains in his complaint, The mail was
given to the authorities as per the necessary restrictions to' be
processed "THRU THE UNITEDSTATES FEDERAL MAIL."  THAT WAS THE REA-
SON FOR THE WITHDRAWAL SLIP,TO DOCUMENT THE "Legal notification via
The U.S. Mail.  The right to confidential communication to a State
official was violated.  The plaintiff's return address, as well as
other necessary steps were taken.  If the officials thought "any
contraband was involved, the letter should have been opened in his
presence." The violation was flagrant and a retalitory action was
taken immediately.  Title XV 3141(c), 3142 (a,b,c,d,) (1,2,)  The
officials involved demonstrated a "sufficiently serious deprivation
and acted with a sufficiently culpable state of mind," to not have
immunity.  **Lemon v Dugger** 931 Fed 1465 1467-68 11th Cir. 'Right To
Access." "Protected Liberty Interests come from two sources.  By
Law and State statues."  Title XV 3141.1(d) of the CA Code of Reg-
gulations CDCR was a retalitory action clause, just this year re-
moved from their code.  In effect for all violations in plaintiff's
action.

       The plaintiff "never in his action requested tasty or aesthe-
tically pleasing food, and the implications that he did in the or-
der mis-represents the plaintiff's claims." The plaintiff clearly states
the "Medically prescribed diet was for his medical condition, and
filed his claim under the   "Reasonable Accommodation Regulation,"
making sure the plaintiff's disablity was noted in all communica-
tions.  The plaintiff nowhere in his complaint alleges that the
prison has interfered with the practice of his religion but, " <u>That</u>
<u>prison has made the practice of plaintiff's religion an excessive</u>
<u>burden to his health and well being, in both appeals stated herein."</u>
<u>"If you practice that particular religion, you aren't deserving of proper health care!"</u>

-3-

I would like to call attention to the fact that prison offi-
cials have "qualified immunity **"unless the state officials conduct
violated constitutional rights that were clearly established at the
time of the conduct."** Hope v Pelzer (2002) 536 U.S. 730 [122 S.Ct.
2508; L.Ed.2d 666] (2)for purposes of qualified immunity officials
can still be on notice that their conduct violates established law
even in novel factual circumstances;

The officials were very knowledgeable of plaintiff's rights in
the case before this court, and had been "forewarned by plaintiff by
his sending "protected confidential to prison warden by "U.S. mail.
The Warden is a state offficial that plaintiff can correspond with,
and the protected mail was "to insure retaliation would not take place
before plaintiff's circumstance was known by proper authorities. That
did not happen.   Vance v Barrett 9th Cir 2003 34 Fed 1083 Ninth Cir
found that prison officials unconstitutionally retaliated against
prisoner by firing him for failing to sign a trust fund agreement that
was unauthorized by laws because prison policy failed to provide
adequate procedural protections and furthered no legitimate penoli-
gical goal **"An instance, several times done in plaintiff's pleading."**
Also note; **"Hyland v Wonder, 117 F.3d 405,413 case cited was found 'in
plaintiff's favor,' not city's or official's."** On pg. 417 "Hyland"
CONCLUSION: "We hold that the district court erred in granting im-
munity to the individual defendants." We also hold that the district
court erred in determining that  the action against Judge Wonder and
Hanlon was barred by Eleventh Amendment immunity, because those defend-
ants **introduced no evidence that the state would be legally liable
for any damages assessed against the judges."**

The plaintiff requests that James Tilton (shown on the face as secre-
tary of state of CA, but in fact Sec. of CDCR, be added to court's
list of defendants as he makes policy for CDCR)

The recension of the "Medically prescribed Diet" was an Eight Amendment Violation since the knowledge that the plaintiff vindictively removed patient from a known medical prescribed 'diet,' after knowing for "five years" the specific anemic condition. The harm done to plaintiff from not receiving necessary vitamins and proteins needed to stregnthen his immuno-system is well known through-out the medical profession. Further "The subjective approach to deliberate indifference does not require a prisoner seeking remedy for a insafe condition to await a tragic event. Both recklessness with respect to the to the provisions of adequate medical facilities may constitute "deliberate indifference" to a prisoner's medical needs. See Ortiz v City ofImperial884 F2d 1312, 1314 (9th Cir 1989) Johnson v Meltzer 134 F3d 1393, 1398 (9th Cir 1998) "No reasonable accommodation was made for disabled plaintiff's medical condition and vindictive retalition resulted in his seeking The known relief to his situation. A substantial burden was placed on plaintiff due to "being known as Muslim, which overshadowed the medical care which was coming to him. The "normal diet served in the CDCR could not sustain plaintiff in his Known Weakened Immuno-System, to improve his health, and or maintain it. On pgs. 'B65-66' the plaintiff's clear order from the medical specalist, at top of page '66' "Because of the microcytosis, iron, iron binding capacity and ferrritin are also appropriate. I.E. the proteins from meat. The plaintiff was refused vitamins, and when the CTF officials bought in the Kosher Diets, all Muslims were refused. Even though the doctors order was August 30,2002. The plaintiff is not a statistic of the Plata Decision, he is a member of the class the lawsuit was won for. He one of the victims of the CDCR's abuse policies reguarding prisoner's medical care. The "Little Hoover Commission" has just announced in its' January 25,2007 report. The Federal Government has taken control of

-5-

the prison health system. I am the actual face of those victimized by the ineptitude and flagrant neglect. The Attorneys who fought the lawsuit are the only ones being compensated for my ills. The CDCR is playing "Russian Roulet" with my life which could be easily   prevented. This has been going on for years. It has taken me until now to finally get into court. With so many restrictions on how many times you can file and how one suit can deplete you of all your funds with no  end in sight with all of the CDCR's 'slippery' twisting of issues, one suit can take years.

All of the complaints lodged in plaintiff's suit are legitimate. I am a victim of the unscrupulous practices and crimes of flagrant   abuse from the CDCR, oppressors who respect  no law and only adhere to  the manipulations of "no court, no chance of fair-dealings or ad-judicating the issues of a prisoner's oppression on a 'case by case" basis. Since the courts have a 'excessive use clause," it makes sense to gather up current and past violations of what would be 1983 viola-tions all together. The cost prohibitive factor weighs in heavily to a person of limited means, The copies, mailings, and filing fees by themselves make it a necessity to file in such a fashion. And since the majority of the claims of the plaintiff is medical they were in-cluded on the same suit. If the concept of "liberally construed" has any meaning in reality, plaintiff explains as completely as possible 'with-in thelimits set upon him, the claims in his plea, with the at-tached exhibits fully describing those claims and how they came about. All of the medical claims show the pattern of excessive  "deliberate indifference" again and again, by the same official for the most part. After the initial screening, the same 'principles' are rubber-stamping the total disreguard of prisoner's rights. They rely on the reluctant actions of the court to process claims, simply because there are so many

of them.  The California courts give a rubber-stamp to the idea that prisoner's have no rights at all.  This is shown in the fact of the high number of case precendant cases that come from California.  We as prisoners barely get to go to the law liberies during regular days, and currently the Hispanics and African-American prisoners have been on lock-down.  That and the high number of prisoners in this institution makes it very difficult to go the law libraries.  It is a hardship to fight five  1983 and disability cases at the same time, even if the court accept them.  Two of the other claims in my complaint were filed as disabilty case accommodation cases, two officer race prejudice cases.  All answered, not for what they were filed as, but the subject matter was changed to deal with an issue which had nothing to do with why the claims were filed.  These cases mis-directed by the same CDCR officals, and denied at their upper levels, which shows pervasive denial of constitutional rights as patterns of behavior, not shown if you have to file them separately through tons of paper thrown at  you "spouting gibberish off-issue."  They try to confuse the courts focus and fail to address the issue raised.  The piece-meal litigation to separate plaintiff's claims in essence, deny plaintiff "effective access to the court." Bounds v SMITH 430 U.S. 817,824, 828 (1977) Prisoners have fundamental constitutional right to **"adequate, effective, and meaningful access to courts"** to challange violations of constitutional rights.  Johnson v Avery 393 U.S. 483,485 (1969) prisoner's right of access to courts may not be denied or obstructed.

The plaintiff has, in some of the claims put forth in pleadings, waited to see if any action would be taken to adjudicate the claims, but allast, the matters get worse because there is no meaningful action taken by any court  for prisoners.  The attorneys are the only benefactor from our misery.  I ask the court not to make me

fight through mountainloads of paper in  various court against the
same violators, from the clandestine abusers of my rights.  I don't
have an army of pencil-pushers to fight 'five cases at once, and
with the speed of the courts, I may never get onto another docket
before such things as the contamination of my medications kills me
because the nurses still are not following the safety practices which
the adminstation "says" they are instructed to follow.

     I have already requested that you recommend an attorney to me,
for I have not been able to obtain one on my own.  The many faceted
combinations of twists in my case really call for help if any is
available.  I tried contacting the attorneys who won the "plata" case,
'off of the abuse of our hides,' and they only wanted the "class-action
cream-off-the-top-pickings."  As an individual I need the court to
allow me to proceed "with all of the claims intact," as I have said
those named as defendants are the very same one the Federal Court is
"taking-to-task" for the documented years of violations upon persons
like myself. The plaintiff states he already waited years, on some
of these claims to present them to the court.  One reason being,
**"after twice filing claims in state court, and being told prisoner's**
**have "no rights on constitutional mandated issues."** The other
reasons being those expressed and having several issues happening
and progressing at the same time in overlapping periods.

(As of January 1, 2003 the law gives a person two years to file a lawsuit seeking
money damages.  Code of Civil Procedure § 335.1 In addition, for prisoners serving
determinate sentences "or life sentences with the possibility of parole, (which
plaintiff is serving) the time limit for filing a civil rights action for damages
are "tolled"  (or do not begin) for two additional years. Code of Civil Proedure
§ 352.1; Martinez v Gomez (9th Cir. 1997) 137 F.3d1124 (tolling applies to pris-
nors serving life with the possibility of parole)

     The plaintiff has filed this suit with all of the above men-
tioned varibles in mind. and the of his '602' on rescission of the
Kosher diet, appeals coordinator never acknowledged disability stating it was

-8-

the same issue as "1983" claim, thus putting "the refusal of serv-
ing the "medically prescribed diet" in the same case, and thus
laid the foundation for all '1983' claims to be bought forward
in same suit, saving time, money on copies, court docket space etc.
The plaintiff does not have the resources to fight multiple claims
against the same source of violations, the CDCR.  On some of the
claims the defendants have "straight-fowardly stated, they do not
follow Constitutional law, but only CDCR law." "Since the State Courts
back them "inspite of Constitutional Laws" the only recourse is the
Federal Courts, thus the reason for all of the claims comprised in
this one suit.  To make me file the other claims as you have in your
order would be putting an unfair and cumbersome plight upon me.

        I beg the Court to re-think the matter and allow this suit to
go forward as written and expressed in the pleading.  A couple of
the claims were in fact "staff complaints," and renamed to other
causes, "by the officials" in order to protect the flagrant abuse of
power by the officials named.  In any event the abuses are all rub-
ber stamped by the same chain of command, and thus responsible for
all of the rights violations.  Other violations come under the Federal
Americans with Disabilities Act, and were filed by plainatiff as such.
The propensity of the defendants to obfuscate the "truth in all in-
stances proclaimed has led to a place where "the whole of all claims
should be seen together" to appreciate the completeness of the wide-
spread "deliberate indifference" charged.  The plaintiff "suffered
excruciating pain for four years" on the issue of the replacement
of the doxepin medication, after the CDC decided to 'experiment on
him with other medications.  It did not stop until the plaintiff
filed the state suit 'shown in his exibitions.'  Count V (five is
a claim of 1824 "REASONABLE MODIFICATION REQUEST" denied because

it was "in truth, a retaliatory action because plaintif filed a
discrimination appeal against officials involed." Then a falsified
reason is given for "prisoner right" denied, and it is rubber-stamped
up the line to CDCR headquarters. As I said, the state courts have
already stated "all prisoner rights legislation is unconstitutional"
because they deny the states the right to enact their own laws.
That is the ruling to all prisoners through the appeals system.
That is essentially the reason all of the Claims are in one suit.
Count 4 (four) is an "Equal Protection Claim," bought against staff
member as a staff-complaint. The "same abuses and violations, keep
happening through-out this institution and ok'd by the same appeals
coordinators here, and at the top. The multiple claims combine to
substantiate a 'collectively abuse system," and the plaintiff should
be allowed to try his claims together, as time is tolling on some
of them.

On page ii in points of Authorities (between page 30 and A31)
the plaintiff lists all of the references used in compiling his
Constitutional Rights Violations. They are not fantisized, not
"amped up" by the plaintiff. It has taken hours, days, weeks, and
years to list "just the major" rights violations. To turn it into
five different cases is not fair to a "defenceless person against
a tryant. I have a chronic deadly and at times debilitating desease!
There is no mis-understanting that fact. For the CDCR officials
to try to justify all of their rights violations, the just simply
act as if the reality is not so. It doesn't go away and on the
most of the issues presented that 'truth' must be accommodated, if
any compensation is due, it is due to the one offended. The Plaintiff.
I declare under penalty of perjury that the foregoing is true and
correct.
signed this 30th day of January, 2008

Ronald Bratton
RONALD BRATTON (in pro per)

-10-

STATE OF CALIFORNIA
CDCR 3022-B (REV. 07/07)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

*Describe only this reporting periods specific Plan of Operation*

| INSTITUTION | EFFECTIVE DATE OF PLAN | PROGRAM STATUS NUMBER: |
|---|---|---|
| CTF | 1/09/08 | CTF-CENTRAL-07-007 |

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY |
|---|---|---|---|
| ☐ INITIAL | | ☒ UPDATE | ☐ CLOSURE |

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION: | ☐ ALL | ☐ BATTERY |
| ☐ FACILITY: | ☒ BLACK | ☐ DEATH |
| ☒ HOUSING UNIT: C WING | ☐ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☒ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☐ OTHER | ☐ OTHER |
| ☐ OTHER: | ☐ | ☐ |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☒ NORMAL EXCEPT BLACK AND HISPANICS | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT 4 Inmates Per Officer | ☐ CRITICAL WORKERS ONLY | ☒ NO DAYROOM ACTIVITIES |
| ☒ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CULINARY | ☐ MODIFIED: |
| ☐ CONTROLLED MOVEMENT | ☐ CLERKS | **RECREATION** |
| ☐ OTHER: | ☐ VOCATION/EDUCATION | ☐ NORMAL |
| | ☐ CANTEEN | ☒ NO RECREATIONAL ACTIVITIES |
| **FEEDING** | ☐ CLOTHING ROOM | ☐ MODIFIED: |
| ☐ NORMAL | ☐ RESTRICTED WORK PROGRAM | |
| ☒ CELL FEEDING | ☐ PORTERS | **CANTEEN** |
| ☐ CONTROLLED FEEDING IN DINING ROOM | ☐ NO INMATE WORKERS | ☐ NORMAL |
| ☐ HOUSING UNIT/DORM AT A TIME | **SHOWERS** | ☒ NO CANTEEN |
| ☐ DORM POD AT A TIME | ☐ NORMAL | ☐ MODIFIED: |
| ☐ TIER AT A TIME | ☐ ESCORTED | |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ ONE INMATE PER SHOWER – OWN TIER | **PACKAGES** |
| ☒ SACK MEAL BREAKFAST | ☐ CELL PARTNERS TOGETHER – OWN TIER | ☐ NORMAL |
| | ☒ SHOWERING BY GROUP 12 INMATES PER | |
| ☐ SACK MEAL LUNCH | GROUP | ☒ NO PACKAGES |
| ☐ SACK MEAL DINNER | ☐ CRITICAL WORKERS ONLY | ☐ MODIFIED: |
| **DUCATS** | ☐ NO SHOWERS | |
| ☐ NORMAL | **MEDICAL** | **PHONE CALLS** |
| ☒ MEDICAL DUCATS ONLY | ☐ NORMAL MEDICAL PROGRAM | ☐ NORMAL |
| ☐ CLASSIFICATION DUCATS | ☐ PRIORITY MEDICAL ONLY | ☒ NO PHONE CALLS |
| ☒ PRIORITY DUCATS ONLY | ☒ MTA CONDUCT ROUNDS IN UNITS | ☐ MODIFIED: |
| **VISITING** | ☐ INMATES ESCORTED TO SICK CALL | |
| ☐ NORMAL VISITING | ☒ EMERGENCY MEDICAL ONLY | **RELIGIOUS SERVICES** |
| ☐ NON-CONTACT ONLY | ☐ OTHER: | ☐ NORMAL |
| ☒ NO VISITING | **LEGAL LIBRARY** | ☒ NO RELIGIOUS SERVICES |
| ☒ OTHER: Black or Hispanic inmates in C-Wing | ☐ NORMAL | ☐ MODIFIED: |
| | ☒ APPROVED COURT DEADLINES(via paging system) | |

**REMARKS:**

On December 29, 2007 at approximately 1938 hours, Officers observed a group of Black and Hispanic inmates involved in a riot. Effective 12/29/2007 Charlie Wing is being placed on Modified program pending an investigation into this incident.

State of Emergency only: Postponement of nonessential administrative decisions, actions and the normal time requirements:
☐ Approved   ☐ Disapproved

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE |
|---|---|---|---|
| A. Padilla | 1/09/08 | | |

State of California

Department of Corrections and Rehabilitation

# Memorandum

**Date:**     January 28, 2008

**To:**     ALL STAFF AND INMATES
CTF-Central Facility

**Subject:**     NOTICE OF FIRST WATCH STATUS

2nd WATCH:
On Tuesday, January 29, 2008, CTF-Central-Facility will be placed on First Watch Status. Immediately following the completion of the morning meal all inmates will return to their housing units.   There will be no morning Work / School / Yard release.   CTF-Central Facility will return to Normal Program Status at approximately 1400 hours.

There will be no workers with the exception of inmates assigned to the Health Services, Culinary, and Laundry.

**R. N. Spencer**
Correctional Captain (A)
CTF-Central Facility

RECEIVED

JAN 2 8 2008

**AW-CEN CTF**

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, RONALD BRATTON _____, declare:

I am over 18 years of age and I am party to this action. I am a

resident of CORRECTIONAL TRAINING FACILITY prison, in the County

of Monterrey, State of California. My prison address is:

RONALD BRATTON ____, CDCR #: J-45341 _____
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: CW-133L _____
SOLEDAD, CA 93960-0689.

On January 24,2008 _____, I served the attached:

Motion for Reconsideration from judges order on January 9,2008

District Court case no. C 07-2928 (10 pgs) and notification that slow respon-

due to lockdown at Prison from 12/19-1/23/08, Order not received until 1/20/08

by Plaintiff. Prisoners Both Black and Hispanic not allowed library privileges until

on the parties herein by placing true and correct copies 1/24

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined. The envelope was addressed as

follows:

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102
(attn: Judge Jeffery S. White, U.S. District Judge)

I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on January 30,2008 .

RONALD BRATTON
Declarant