IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BRATTON, ) | No. C 07-2928 JSW (PR) |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTIONS** |
| ) | **FOR RECONSIDERATION AND** |
| ) | **INJUNCTION; GRANTING** |
| v. ) | **MOTION TO SUPPLEMENT** |
| ) | |
| BEN CURRY, E. KLEIN, A. JANNAH, ) | |
| B. HEDRICK, M. RAGHUNATH, L. ) | |
| MACKEY, J. CHURDY, J. ABOYTES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

Plaintiff, currently incarcerated at the Correctional Training Facility in Soledad, California, has filed this civil rights complaint regarding the conditions of his confinement at the prison. The Court ordered the Second Amended Complaint served upon Defendants, and their dispositive motion is presently due on May 9, 2008.

Plaintiff has filed a motion for reconsideration of the service order. Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 11 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.

1993). Plaintiff has not presented any newly discovered evidence, shown clear error or manifest injustice in the court's order, or an intervening change in the controlling law. Rather, plaintiff simply challenges the court's analysis of his claims, and its application of the pertinent law. Such arguments may be proper on appeal but the are not a grounds for reconsideration under Rule 54(b). Accordingly, the motion for reconsideration (Docket No. 9) is DENIED.

Plaintiff's motion for an injunction (Docket No. 14) to block his transfer from one facility to another is DENIED because prisoners have no constitutional right to incarceration in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).

Plaintiff has filed a motion to add supplemental exhibits and pleadings to his complaint (Docket No. 16). Good cause appearing, plaintiff's motion is GRANTED; in their dispositive motion, Defendants shall address the supplemental pleadings to the extent the supplemental pleadings may affect the resolution of their motion.

This order terminates Docket Nos. 9, 14, & 16.

IT IS SO ORDERED.

DATED: May 6, 2008

_____
JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RONALD BRATTON,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.

Case Number: CV07-02928 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Bratton
P.O. Box 705
J45341
Soledad, CA 93960-0705

Dated: May 6, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk