# EXHIBIT A

§ 3080 DEPARTMENT OF CORRECTIONS AND REHABILITATION TITLE 15

### Article 7. Furloughs and Temporary Leave

**3080. Administration.**

Institution and parole division staff will administer inmate work and educational furloughs and temporary community release programs in a prudent manner, and in keeping with the basic need for public protection.

Comment: Former DP-1701, policy, general.

**3081. Compliance.**

Inmates who are granted a furlough or temporary leave must comply with all departmental rules and regulations governing such programs; with any conditions for approval; and, with all applicable laws; and must meet eligibility requirements in accordance with departmental procedures and Sections 2690, 2691, 6250 et seq., 6263 of the Penal Code and Section 3306 of the Welfare and Institutions Code.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 6250–6253 and 6260, Penal Code; and Section 3306, Welfare and Institutions Code.

HISTORY:
1. Amendment filed 3-2-83; effective thirtieth day thereafter (Register 83, No. 12).

**3082. Temporary Leaves.**

Temporary leaves will be granted only for inmates who meet the criteria for such leaves, as prescribed in guidelines established by the director, for the following reasons:

(a) Family Emergency. Emergency leaves will normally be considered only for attendance at services for deceased members of the inmate's immediate family, and for visits to critically ill members of the inmate's immediate family. Immediate family members are defined in section 3000.

(b) Prerelease Planning. Prerelease planning leaves may be considered for the purpose of employment interviews, making residential plans and for other reasons closely connected to release programs. A prerelease leave will not normally be granted earlier than 63 days before the inmate has an established or reasonably anticipated release date nor any earlier than is required to accomplish the purpose of a prerelease leave.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2690 and 5054, Penal Code.

HISTORY:
1. Amendment filed 3-22-78; effective thirtieth day thereafter (Register 78, No. 12).
2. Amendment filed 8-22-79; effective thirtieth day thereafter (Register 79, No. 34).
3. Amendment of subsection (b) filed 9-24-81; effective thirtieth day thereafter (Register 81, No. 39).
4. Change without regulatory effect amending subsection (a) filed 12-2-2003 pursuant to section 100, title 1, California Code of Regulations (Register 2003, No. 49).

**3083. Court Hearing on Inmate's Children.**

Upon a court order, inmates will be released to the custody of the sheriff for appearance in court in actions concerning termination of parental rights of an inmate or other parental or marital rights.

HISTORY:
1. Editorial correction of printing error (Register 92, No. 5).

### Article 8. Appeals

**3084. Definitions.**

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.
2. Certificate of Compliance as to 5-18-89 order transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. Change without regulatory effect repealing section filed 10-29-90 pursuant to section 100, title 1, California Code of Regulations (Register 91, No. 6).

**3084.1. Right to Appeal.**

(a) Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare. The decisions of the Departmental Review Board which serve as the director's level decision are not appealable and conclude the inmate's or parolee's departmental administrative remedy pursuant to section 3376.1.

(b) Institution staff shall provide the assistance necessary to ensure that inmates who have difficulty communicating in written English have access to the appeal process.

(c) The department shall ensure departmental appeal forms and forms prescribed by the Board of Parole Hearings, the Narcotic Addict Evaluation Authority, the Prison Industry Authority, and the Joint Venture Program for appeal of decisions, actions, or policies within their jurisdictions, are readily available to all inmates and parolees.

(d) No reprisal shall be taken against an inmate or parolee for filing an appeal. This shall not prohibit appeal restrictions against an inmate or parolee abusing the appeal process as defined in section 3084.4.

(e) An appeal alleging misconduct by a departmental peace officer as defined in section 3291(b) shall be accompanied by a Rights and Responsibility Statement as shown in section 3391(d). Failure to submit this form will be cause for rejecting the appeal, in accordance with section 3084.3(c)(5).

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 148.6, 832.5 and 5054, Penal Code, *Chaker v. Crogan* (9th Cir 2005) 428 F. 3d 1215.

HISTORY:
1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89. For prior history, see section 3003.
2. Certificate of Compliance as to 5-18-89 order including a clarifying change of subsection (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. Amendment of subsection (a) filed 1-16-92; operative 2-17-92 (Register 92, No. 13).
4. Amendment of subsections (a) and (d), new subsection (e), and amendment of Note filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.
5. Amendment of subsections (a) and (d), new subsection (e), and amendment of NOTE: refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.
6. Editorial correction of History 5 (Register 97, No. 24).
7. Certificate of Compliance as to 5-29-97 order, including amendment of subsections (a) and (e), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).
8. Amendment of subsection (c) filed 9-13-2005; operative 9-13-2005 pursuant to Government Code section 11343.4 (Register 2005, No. 37).
9. Amendment of subsection (e) and amendment of Note filed 11-3-2006 as an emergency; operative 11-3-2006 (Register 2006, No. 44). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 4-12-2007 or emergency language will be repealed by operation of law on the following day.

10. Certificate of Compliance as to 11-3-2006 order transmitted to OAL 3-12-2007 and filed 4-19-2007 (Register 2007, No. 16).

### 3084.2. Appeal Preparation.

(a) Form requirement. The appellant shall use a CDC Form 602 (rev. 12-87), Inmate/Parolee Appeal Form, to describe the problem and action requested. Initial requests or grievances based on a disability as defined in Title 42, U.S.C. section 12102 shall be filed pursuant to section 3085.

(1) A limit of one continuation page, front and back, may be attached to the appeal to describe the problem and action requested in Sections A and B of the form.

(2) Only supporting documentation necessary to clarify the appeal shall be attached to the appeal.

(b) Informal attempt prerequisite. The inmate or parolee shall attempt to resolve the grievance informally with the involved staff, unless excepted by sections 3084.5(a)(3) and 3084.7.

(c) Place of filing. At the formal levels, the appeal shall be forwarded to the appeals coordinator within the time limits prescribed in section 3084.6.

(d) Appellant submittal. An inmate or parolee shall not submit an appeal on behalf of another inmate or parolee, except as provided in subsection (f). An inmate, parolee or other person may assist another inmate or parolee with preparation of an appeal unless the act of providing such assistance would create an unsafe or unmanageable situation.

(e) Limit of system. The department's appeal procedure shall not be used to appeal the decisions or actions of other agencies, except as provided by section 3084.7.

(f) Group appeal. If a group of inmates intend to appeal a decision, action, or policy affecting all members of the group, one appeal form with the name and departmental identification number of the inmate who prepared the appeal shall be submitted.

(1) A legible list of the participating inmates' names, signatures, departmental identification numbers, and housing shall be attached to the appeal.

(2) The inmate submitting the appeal shall be responsible for sharing the written response with the inmates who signed the appeal attachment.

(3) If the inmate submitting the appeal is transferred or released, responses shall be directed to the first or next inmate on the appeal list attachment, who shall be responsible for sharing the response with the other inmates identified on the attachment.

(g) Multiple appeals of the same issue. If more than one appeal regarding the same issue is received.

(1) All such appeals shall be logged.

(2) A written response shall be given to the original appellant.

(3) A copy of the response, with the original appellant's name and number removed, shall be given to each of the other appellants.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 832.5 and 5054, Penal Code; Americans With Disabilities Act; Public Law 101-336, July 26, 1990, 104 Stat. 328; and section 35.107, Title 28, Code of Federal Regulations.

HISTORY:
1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.
2. Certificate of Compliance as to 5-18-89 order transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. New subsection (g) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.
4. Certificate of Compliance as to 5-6-92 order transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).
5. Amendment of subsection (a) and Note filed 4-7-95 as an emergency pursuant to Penal Code section 5058; operative 4-7-95 (Register 95, No. 14). A Certificate of Compliance must be transmitted to OAL by 9-14-95 or emergency language will be repealed by operation of law on the following day.
6. Certificate of Compliance as to 4-7-95 order transmitted to OAL 6-26-95 and filed 7-25-95 (Register 95, No. 30).
7. Amendment of subsections(a)(1), (a)(2), (c) and (f)(1) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.
8. Amendment of subsections (a)(1), (a)(2), (c) and (f)(1) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.
9. Editorial correction of History 8 (Register 97, No. 24).
10. Certificate of Compliance as to 5-29-97 order, including amendment of subsection (c), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

### 3084.3. Screening Appeals.

(a) Appeals coordinator. Each institution head and parole region administrator shall designate an appeals coordinator, at a staff position level no less than correctional counselor II or parole agent II, who shall prior to acceptance for review screen and categorize each appeal originating in their area for compliance with these regulations, and shall coordinate the processing of appeals.

(b) Unclear appeal issue.

(1) When a group appeal is received, one or more of the participating inmates shall be interviewed to clarify the issue under appeal.

(2) When multiple appeals of the same issue are received, the original appellant and, as needed for clarification of issues, one or more of the other appellants shall be interviewed.

(3) When an appeal indicates the appellant has difficulty describing the problem in writing or has a primary language other than English, the appeals coordinator shall arrange an interview with the appellant to provide assistance in clarifying or completing the appeal.

(c) Rejection criteria. An appeal may be rejected for any of the following reasons:

(1) The action or decision being appealed is not within the jurisdiction of the department.

(2) The appeal duplicates the appellant's previous appeal upon which a decision has been rendered or is pending.

(3) The appeal concerns an anticipated action or decision.

(4) The appellant has not included evidence of attempt to resolve the grievance at the informal level, unless the informal level is waived by these regulations.

(5) The appeal is incomplete or necessary supporting documents are not attached.

(6) Time limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints.

(7) The appeal is filed on behalf of another inmate or parolee, except as provided in section 3084.2(f).

(8) The appeal constitutes an abuse of the appeal process pursuant to section 3084.4.

(d) Written rejection. When rejecting an appeal, the appeals coordinator shall complete an Appeals Screening Form, CDC Form 695 (rev. 5-83), explaining why the appeal is unacceptable. If rejection is based on improper documentation, the form shall provide clear instructions regarding further action the inmate must take to qualify the appeal for processing.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 832.5 and 5054, Penal Code.

§ 3084.4            DEPARTMENT OF CORRECTIONS AND REHABILITATION            TITLE 15

HISTORY:
1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.
2. Certificate of Compliance as to 5-18-89 order transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. Amendment of subsection (b) and new subsections (b)(1)–(2) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.
4. Certificate of Compliance as to 5-6-92 order transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).
5. Amendment of subsection (a) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.
6. Amendment of subsection (a) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.
7. Editorial correction of History 6 (Register 97, No. 24).
8. Certificate of Compliance as to 5-29-97 order transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

3084.4. **Appeal System Abuse.**
(a) Excessive filings. One appellant's submission of more than one non-emergency appeal within a seven-calendar-day period shall be considered excessive.
(1) When an appellant submits excessive appeals, the first appeal received shall be processed normally and all subsequent non-emergency appeals filed within the seven-calendar-day period by that individual shall be suspended.
(2) The appeals coordinator shall consult with the chief, inmate appeals, who shall determine further action to be taken on the suspended appeals.
(3) Upon determination of abuse, the chief, inmate appeals, shall authorize the appeals coordinator to prepare a notice restricting the inmate to one appeal per month for six consecutive months.
(4) Any subsequent violations of the appeal restriction shall result in an extension of the restriction for an additional six-month period.
(b) Inappropriate statements. An appeal containing false information, or profanity or obscene language shall be rejected.
(c) Excessive verbiage. Appeals in which the grievance or problem cannot be understood or is obscured by pointless verbiage or voluminous unrelated documentation shall be rejected, except as provided in sections 3084.1(b) and 3084.3(b).
(d) Lack of cooperation. An appellant's refusal to be interviewed or cooperate with the reviewer shall result in cancellation of the appeal.
NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 832.5 and 5054, Penal Code.
HISTORY:
1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.
2. Certificate of Compliance as to 5-18-89 order including a clarifying change of subsections (a) and (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. Amendment of subsections (a), (a)(1) and (a)(3), repealer and new subsection(a)(4), and amendment of subsections(b) and (d) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.
4. Amendment of subsections (a), (a)(1) and (a)(3), repealer and new subsection (a)(4), and amendment of subsections (b) and (d) refiled 5-29-97 as an emergency, operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.
5. Editorial correction of History 4 (Register 97, No. 24).
6. Certificate of Compliance as to 5-29-97 order, including amendment of subsection (d), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

3084.5. **Levels of Appeal Review and Disposition.**
(a) Informal level. The informal level is that at which the appellant and staff involved in the action or decision attempt to resolve the grievance informally.
(1) Unless excepted pursuant to subsection (3) evidence of an attempt to obtain informal level review is required before an appeal may be accepted for formal review.
(2) When an appellant attempts to resolve an appeal at the informal level, the employee contacted by the appellant shall review and if practical resolve the grievance. The employee shall report the action taken in the response space provided on the appeal form, and shall sign and date the form.
(3) The informal level shall be waived for appeal of:
(A) Classification committee actions.
(B) Serious disciplinary infractions.
(C) Classification staff representative actions.
(D) Departmental regulations, policies, or operational procedures.
(E) Exceptional circumstances defined in section 3084.7.
(F) Any action, which the appeals coordinator determines, cannot be resolved informally.
(G) Alleged misconduct by a departmental peace officer.
(H) The denial of disabled inmate or parolee requests for reasonable modification or accommodation filed on CDC Form 1824 (1/95), Reasonable Modification Or Accommodation Request, pursuant to section 3085.
(b) First formal level. All appeals shall be initially filed and screened at the first level. The appeals coordinator may bypass the first formal level for appeal of:
(1) A policy or procedure implemented by the institution head.
(2) A policy, procedure or regulation implemented by the department.
(3) An issue, which cannot be resolved at the division head's level; e.g., appeal of a regular transfer.
(4) Serious disciplinary infractions.
(c) Second formal level. Second level is for review of appeals denied at first level or for which first level is otherwise waived by these regulations. The second formal level, with the exception provided in section 3084.7(d)(4)(B), shall be completed prior to the appellant filing at the third formal level.
(d) Third formal level. Third level is for review of appeals not resolved at second level with the exception provided in section 3084.7(d)(4)(B).
(e) Appeal review. Formal appeals shall not be reviewed by a staff person who participated in the event or decision being appealed, or who is of lower administrative rank than any participating staff, or who participated in review of a lower level appeal refiled at a higher level.
(1) Second level review shall be conducted by the institution head or regional parole administrator, or their designee. Institution heads and regional parole administrators are not prohibited from reevaluating their own decisions or actions at the second level, and shall respond to appeals filed against them personally for allegations of peace officer misconduct.
(2) Third level review constitutes the director's decision on an appeal, and shall be conducted by a designated representative of the director under supervision of the chief, inmate appeals.

(f) Interview requirements. A personal interview shall be conducted with the appellant at the first level of review unless:

(1) First level was waived. In such case a personal interview shall be conducted with the appellant at the second level.

(2) The reviewer has decided, before interviewing the appellant, to grant the appeal.

(3) The appellant is not present at the institution where the appeal was filed. In such case, a telephone interview with the appellant shall meet the interview requirement.

(A) If the appeal concerns a disciplinary action, the telephone interview may be waived if the appeals coordinator determines an interview would not provide additional facts.

(B) If the appellant is not available for telephone interview, the reviewers shall request the caseworker in the jurisdiction where the appellant is located to complete the interview and provide a written report.

(g) Written response. At each level of review not waived, the original appeal shall be returned to the appellant with a written response stating the appeal issue and reasons for the decision.

(h) Disciplinary appeals. When procedural or due process requirements provided inmates in disciplinary proceedings have been violated, one of the following remedies shall be considered:

(1) The original disposition shall be vacated and the charges dismissed if the reviewer determines that the findings of the disciplinary hearing were not supported by the evidence presented at the hearing and any of the following circumstances are evident:

(A) The charge was based on information later determined to be false or unsubstantiated.

(B) A new hearing would not likely produce additional information.

(C) Elapsed time makes it unlikely the accused can present an adequate defense.

(D) Witnesses whose absence would prevent the accused from presenting an adequate defense are no longer available.

(2) The original disposition shall be vacated and a new hearing ordered if the reviewer determines that any of the following requirements were not met:

(A) The accused was not given copies of required documents within specified time limits before the hearing and did not waive the time limits.

(B) The charges were based on confidential information and the accused was not given a copy of the CDC Form 1030 (Rev. 12/86), Confidential Information Disclosure.

(C) Confidential information was used and the disciplinary findings did not address the reliability of the source and the validity of the information.

(D) The accused was denied witnesses, or when security was an issue, denied statements of witnesses, which would, in the opinion of the reviewer, have contributed significant information.

(E) The accused was not allowed to speak or present documentation in their own defense.

(F) The accused was not assigned a staff assistant or interpreter if required.

(G) An investigative employee was not assigned if required, or if assigned, the investigative employee did not adequately perform their task and it appears that such an investigation would have assisted the accused or hearing officials.

(3) When a disciplinary charge is ordered reheard, a new CDC Form 115 shall be written and processed. The disciplinary time constraints shall begin on the date the new CDC Form 115 is written except when an inmate is being returned to a facility for a disciplinary rehearing, the time constraints shall begin upon the inmate's return to that facility.

(i) Delay in Disposition. An administrator may delay for up to 90 days the implementation of a decision affecting an appellant when such delay will not threaten institution security, the safety of any person, or create a serious operational problem.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 832.5 and 5054, Penal Code; Americans With Disabilities Act, Public Law 101-336, July 26, 1990, 104 Stat. 328; and Section 35.107, Title 28, Code of Federal Regulations.

HISTORY:

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89. For prior history, see section 3003(a) and (b).

2. Certificate of Compliance as to 5-18-89 order including amendment of subsections (a) and (g) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. New subsection (a)(3)(F), amendment of subsection (b), new subsections (g) and (h), and relettering of subsection (g) to (i) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 5-6-92 order transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).

5. New subsection (a)(3)(G) filed 2-1-93 as an emergency; operative 2-1-93 (Register 93, No. 6). A Certificate of Compliance must be transmitted to OAL 6-1-93 or emergency language will be repealed by operation of law on the following day.

6. Certificate of Compliance as to 2-1-93 order transmitted to OAL 5-20-93 and filed 6-8-93 (Register 93, No. 24).

7. New subsection (a)(3)(H) and amendment of Note filed 4-7-95 as an emergency pursuant to Penal Code section 5058; operative 4-7-95 (Register 95, No. 14). A Certificate of Compliance must be transmitted to OAL by 9-14-95 or emergency language will be repealed by operation of law on the following day.

8. New subsection (b)(4) filed 5-5-95; operative 6-5-95 (Register 95, No. 18).

9. Certificate of Compliance as to 4-7-95 order transmitted to OAL 6-26-95 and filed 7-25-95 (Register 95, No. 30).

10. Amendment of subsections (c), (d) and (e)(1) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

11. Amendment of subsections (c), (d) and (e)(1) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

12. Editorial correction of History 11 (Register 97, No. 24).

13. Certificate of Compliance as to 5-29-97 order transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

3084.6. Appeal Time Limits.

(a) Commencement. Time limits for submitting or reviewing appeals shall commence upon the date of receipt of the appeal document by the appeals coordinator or the appellant.

(b) Departmental response. Appeals shall be responded to and returned to the appellant by staff within the following time limits:

(1) Informal level responses shall be completed within ten working days.

(2) First level responses shall be completed within 30 working days.

(3) Second level responses shall be completed within 20 working days, or 30 working days if first level is waived pursuant to section 3084.5(a)(3).

(4) Third level responses shall be completed within 60 working days.

(5) Exception is authorized in the event of:

(A) Unavailability of the appellant, or staff or inmate witnesses.

(B) Complexity of the decision, action, or policy.

(C) Necessary involvement of other agencies or jurisdictions.

(6) Except for the third formal level, if an exceptional delay prevents completion of the review within specified time limits, the appellant shall be informed in writing of the reasons for the delay and the estimated completion date.

(c) Inmate or parolee response. An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 832.5 and 5054, Penal Code; Sections 19572, 19583.5 and 19635, Government Code; and *Brown v. State Personnel Board* (1985, 3d Dist), 166 Cal App 3d 1151, 213 Cal Rptr 53.

HISTORY:

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.
2. Certificate of Compliance as to 5-18-89 order including amendment of subsection (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. Amendment of subsections (b)(1)–(5), repealer and new subsection (b)(6)(D), amendment of subsections (b)(7) and (c), and repealer of subsections (c)(1) and (c)(2) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.
4. Amendment of subsections (b)(1)–(5), repealer and new subsection (b)(6)(D), amendment of subsections (b)(7) and (c), and repealer of subsection (c)(1) and (c)(2) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.
5. Editorial correction of History 4 (Register 97, No. 24).
6. Certificate of Compliance as to 5-29-97 order, including amendment, transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

**3084.7. Exceptions to the Regular Appeals Process.**

(a) Emergency Appeals. Usual time limits for staff response shall not apply to emergency appeals, which shall be resolved in the shortest practical time.

(1) When circumstances are such that the regular appeal time limits may result in a threat to the appellant's safety or cause other serious and irreparable harm, the appeal shall be processed as an emergency appeal. Such circumstances include, but are not limited to:

(A) Need for protective custody.

(B) Decision was made to transfer the appellant to an institution housing an enemy.

(C) The appellant was scheduled for parole within 15 calendar days and is appealing a serious disciplinary action resulting in credit loss extending the release date.

(2) The appeal shall be submitted directly to the appeals coordinator and include substantiation of circumstances warranting emergency processing of the appeal.

(A) If the appeals coordinator determines emergency processing is unwarranted, the inmate shall be notified and the appeal shall be processed as a regular appeal.

(B) If emergency processing is warranted, the first level shall be waived and the second level review shall be completed within five working days.

(C) If dissatisfied with the second level response, the appellant may resubmit the appeal to the appeals coordinator who shall telefax it to the chief, inmate appeals, for a third level review which shall be completed within five working days.

(b) Disciplinary Appeals.

(1) A second level review shall constitute the department's final action on appeals of disciplinary actions classified as "administrative" pursuant to section 3314; and Custodial Counseling Chronos, CDC Form 128-A (rev. 4-74), documenting minor disciplinary infractions pursuant to section 3312(b).

(2) Appeals of disciplinary actions classified as "serious" pursuant to section 3315, where credit loss is a sanction, may be appealed through the third level. Within 15 working days of receipt of the department's third level denial of a disciplinary credit loss appeal, the appellant may demand a Board of Prison Terms review. The appellant shall submit the written demand for such review, with a copy of the department's final decision, to the institution's classification and parole representative or the parole region's appeals coordinator who shall within five working days forward the material to the Board.

(c) Combined Disciplinary and Parole Rescission Hearing Appeals.

(1) When the outcome of a pending disciplinary hearing may impact a Board of Prison Terms' parole rescission hearing on the same individual, a combined hearing may be held wherein the evidence is considered by both departmental and Board staff in arriving at their separate decisions.

(2) When any aspect of a combined disciplinary and parole rescission hearing is appealed, first and second level review shall be waived. The appeal shall be forwarded to the chief, inmate appeals, for a combined review by the department and the Board of Prison Terms.

(d) Transfer Appeals. A decision for transfer to another institution may be appealed by the affected inmate after endorsement by the classification staff representative.

(1) Filing of an appeal of a transfer decision shall not normally be cause to stay or delay a transfer.

(2) Regular transfer appeals:

(A) Informal and first level of appeal shall be waived.

(B) If the appeal is granted at second level, the appellant's case shall be presented to a second classification staff representative for reconsideration.

(C) If the second classification staff representative disagrees with second level appeal response, the institution head may submit the case to the departmental review board for final decision.

(D) If the appeal is denied at second level or the institution head does not refer the case to the departmental review board, the appellant may appeal at the third level.

(3) Reception center transfer appeals:

(A) The informal level shall be waived.

(B) First level review shall be conducted by the reception center's correctional administrator.

(C) If the appeal is granted, the appellant may be retained at the reception center until the case is presented to a second classification staff representative for reconsideration.

(D) If the second classification staff representative disagrees with the first level appeal decision, the appellant may resubmit the appeal for second level review.

(E) Second level review shall be conducted by the institution head, who may retain the appellant at the reception center as a second level re-view action and refer the appeal to the departmental review board for resolution. The board's decision shall constitute final review.

(F) If the appeal is denied at first or second level, the appellant may appeal at the third level.

(4) Involuntary transfer to the California Medical Facility or Atascadero State Hospital:

(A) Following a hearing on the psychiatric need for an involuntary transfer to the California Medical Facility or Atascadero State Hospital, the inmate shall be provided with a copy of the written decision pursuant to Section 3379(d).

(B) The inmate may appeal the written decision, directly to the third level, within 30 calendar days of receipt of the decision.

(C) A copy of the hearing decision shall be attached to the appeal.

(e) Lost or damaged personal property appeals.

(1) All property loss or damage arising from the same event or action shall be included in one appeal.

(2) Replacement or restoration of property.

(A) An attempt shall be made by staff to use local resources to substitute for, or replace lost property at no cost to the state, or to repair the item at institution expense.

(B) An appellant's refusal to accept repair, replacement, or substitution of like items and value shall be cause to deny the appeal.

(3) The document denying a property claim appeal at the third level shall inform the appellant of the right to file a claim directly with the board of control, and shall provide instructions for such filing.

(4) Reimbursement for loss. The reimbursement shall not exceed the limit imposed by property procedures and regulations (Subchapter 2, Article 9, Personal Property).

(A) Reimbursements for $100 or less shall require endorsement at either the second or third level of review.

(B) Reimbursements for more than $100 shall require both third level endorsement and Board of Control approval.

(C) Before payment of any granted claim, the appellant shall sign an Inmate/Parolee Board of Control Release Form, CDC Form 813 (rev. 2-86), discharging the state from further liability for the claim pursuant to Government Code section 965. The appellant shall be provided with a copy of the completed form.

(f) Re-Entry or Work Furlough Placement and Parole to County of Commitment Appeals. An inmate pending release to the community and dissatisfied with a parole staff decision regarding the release program or the location of placement may submit an appeal requesting administrative review of the decision.

(1) Re-entry or work furlough placement appeals.

(A) The informal level. Appeal of denial of placement into specific re-entry or work furlough locations shall be submitted by the appellant to the institution caseworker who prepared Section A of the Release Program Study, CDC Form 611 (rev. 10-88). The caseworker shall compare the assigned parole region's reasons for denial with the facts contained in the inmate's central file, interview the inmate, and record all information obtained on a CDC Form 128-B (rev. 4-74).

(B) The first level appeal shall be submitted to the appeals coordinator of the parole region where the denial of placement was made. A copy of the CDC Form 128-B (rev. 4-74) shall be attached to the appeal.

(C) The supervisor of the staff person who denied placement shall conduct the first level review and the regional parole administrator or designee shall conduct the any second level review.

(2) Return to county of commitment appeals.

(A) An appeal concerning parole to county of commitment shall not be accepted until the Release Program Study, CDC Form 611 (rev. 10-88), has been completed and returned to the institution.

(B) The appeal shall be sent to the appeals coordinator of the parole region where such study was completed. The informal level of review shall be waived.

(C) The assistant regional parole administrator shall provide the first level review and the regional parole administrator shall provide the second level review, if any.

(D) The inmate may appeal to third level if dissatisfied with second level response.

(g) Conditions of Parole Appeals. An inmate dissatisfied with conditions of parole imposed by departmental staff may submit an appeal requesting removal or change of the conditions.

(1) Within 15 working days following receipt of the decision outlining conditions of parole, the appellant shall submit the appeal form directly to the appeals coordinator of the parole region where the case is assigned.

(2) The informal and first level reviews shall be waived. The appeals coordinator shall forward the appeal to the regional parole administrator for second level review.

(3) An appellant dissatisfied with second level review decision, may file the appeal at third level.

(4) An appellant dissatisfied with a third level review decision may submit the appeal to the Board of Prison Terms pursuant to 15 CCR sections 2525 and 2526.

(h) Parole Period and Term Computation Appeals.

(1) Informal level review.

(A) The appellant shall submit the appeal to the records office for research and documenting of the relevant case facts. The appellant shall be provided a copy of the findings.

(B) The document recording denial of an appeal shall be hand-delivered to the appellant, who shall sign and date an Acknowledgement of Receipt, CDC Form 1031 (rev. 8-88).

(2) Formal appeal.

(A) The appellant may then submit to the appeals coordinator an appeal requesting a computation review hearing.

(B) First level review shall be waived. The computation review hearing shall constitute the second level of review.

(C) The case records manager or supervisor shall conduct a computation review hearing within 15 days following receipt of the appeal.

1. The inmate/parolee shall be notified at least 24 hours prior to the hearing via the CDC Form 1032 (Rev. 12/86), Notice of Time, Date and Place of Computation Review Hearing.

2. The hearing shall be held during the inmate's nonassigned hours.

(D) Upon staff determination an error exists which the department lacks authority to change, the appeal shall be granted and the appeal referred to the appropriate agency for disposition.

(E) The appellant shall be provided a copy of the Computation Review Hearing Decision, CDC Form 1033 (rev. 8-88), at the conclusion of the hearing.

(F) The appellant may submit the appeal to third level if dissatisfied with second level response.

(i) Prison Industry Authority Health and Safety Grievances.

(1) An appellant who believes a health or safety hazard exists in a prison industry operation shall submit the written grievance to the prison industry safety committee.

(2) If an industrial safety appeal is denied at the third level, the inmate may file an appeal with the labor commissioner as prescribed by the Division of Industrial Safety.

(3) If the inmate believes any act of reprisal resulted from the grievance, an appeal of the alleged reprisal may be filed through the department's normal appeal process.

(j) Civil Addict or Releasee Appeal.

(1) Civil addicts or releasees may appeal a staff recommendation for exclusion from the civil addict program, unless the recommendation is based on a commitment to prison, deportation or releasee-at-large status.

(2) If an appeal is not received prior to the end of the 15th calendar day from an appellant's receipt of written notice of the recommendation to exclude, all prepared documentation shall be forwarded to the committing court.

(3) The second level review shall be the final review.

(4) Time constraints for releasee appeals are:

(A) The assistant regional parole administrator shall complete the first level review within ten working days.

(B) The regional parole administrator shall complete the second level review within 15 working days.

(k) Disability Grievances. An inmate or parolee with a permanent disability who is requesting a reasonable modification or accommodation who has a discrimination complaint or grievance based on a permanent disability shall follow the procedures described in section 3085. For the purpose of this section, permanent disability shall mean a disability/condition that is expected to last longer than six months.

(*l*) Movie/Video Selection or Exclusion Appeals.

(1) Movies/videos which have been given a rating of other than "G," "PG," or "PG-13" by the Motion Picture Association of America shall not be approved for general inmate viewing, and will not be accepted for appeal.

(2) The informal and first level of appeal shall be waived for appeals related to the selection or exclusion of a "G," "PG," or "PG-13" rated or non-rated movie/video for viewing.

(3) An appellant dissatisfied with the second level review decision may file the appeal at third level.

(m) Joint Venture Program Employer Related Grievances.

(1) Any current or former Joint Venture Program inmate-employee who believes he/she has a grievance regarding a wage and hour or retaliation claim against a Joint Venture Employer shall submit the written grievance to the Joint Venture Program Chief.

(2) The Joint Venture Program Chief shall attempt to resolve all complaints.

(3) Time frames for filing grievances will be governed by the Division of Labor Standards Enforcement's (DLSE) statutes of limitations, including but not limited to Labor Code Section 98.7 and Code of Civil Procedure Sections 337, 338 and 339, for the appropriate type of complaint.

(4) If the inmate is dissatisfied with the Joint Venture Program Chief's decision, the inmate may file a complaint with the Labor Commissioner.

NOTE: Authority cited: Section 5058 and 10006(b), Penal Code. Reference: Sections 832.5, 5054 and 10006(b), Penal Code; Section 19583.5, Government Code; *Wolff* v. *McDonnell* (1974) 418 U.S. 539, 558–560; Americans With Disabilities Act, Public Law 101-336, July 26, 1990, 104 Stat. 328; Section 35.107, Title 28, Code of Federal Regulations; Section 98.7, Labor Code; and Sections 337, 338 and 339, Code of Civil Procedure.

HISTORY:

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89. For prior history, see section 3325(c).
2. Certificate of Compliance as to 5-18-89 order including amendment of subsections (a) and (d) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. Editorial correction of printing errors in subsections (f)(1)(B) and (g)(2) (Register 92, No. 5).
4. Amendment of subsection (e)(4) and new subsections (h)(3), (i)(2)(c)1. and 2., and (k) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.
5. Certificate of Compliance as to 5-6-92 order including amendment of subsections (e)(4) and (i)(2)(C)1. transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).
6. New subsection (l) and amendment of Note filed 4-7-95 as an emergency pursuant to Penal Code section 5058; operative 4-7-95 (Register 95, No. 14). A Certificate of Compliance must be transmitted to OAL by 9-14-95 or emergency language will be repealed by operation of law on the following day.
7. Certificate of Compliance as to 4-7-95 order transmitted to OAL 6-26-95 and filed 7-25-95 (Register 95, No. 30).
8. New subsections (m)–(m)(3) and amendment of Note filed 6-28-96 as an emergency; operative 6-28-96 (Register 96, No. 26). A Certificate of Compliance must be transmitted to OAL by 1-6-97 or emergency language will be repealed by operation of law on the following day.
9. Editorial correction of subsection (m)(3) (Register 96, No. 51).
10. New subsections (m)–(m)(3) and amendment of Note refiled 12-19-96 as an emergency; operative 12-19-96 (Register 96, No. 51). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 5-28-97 or emergency language will be repealed by operation of law on the following day.
11. Repealer of subsection (a)(1)(D), amendment of subsections (a)(2)(A), (b)(2), (d)(4), (d)(4)(A) and (e)(1), repealer of subsections (h) and (h)(1), renumbering of old subsections 3084.7(h)(2) and (h)(3) to new subsections 3391(b) and (c), subsection relettering, and amendment of newly designated subsection (k) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.
12. Certificate of Compliance as to 12-19-96 order, incorporating relettering from 12-23-96 order and further amending section and Note, transmitted to OAL 4-14-97 and filed 5-23-97 (Register 97, No. 21).
13. Repealer of subsection (a)(1)(D), amendment of subsections (a)(2)(A), (b)(2), (d)(4), (d)(4)(A) and (e)(1), repealer of subsections (h) and (h)(1), renumbering of old subsections 3084.7(h)(2) and (h)(3) to new subsections 3391(b) and (c), subsection relettering, and amendment of newly designated subsection (k) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.
14. Editorial correction of subsection (j)(1) and History 13 (Register 97, No. 24).
15. Certificate of Compliance as to 5-29-97 order, including amendment of subsections (b)(2) and (k), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).
16. New subsections (m)–(m)(4) and amendment of Note filed 9-13-2005; operative 9-13-2005 pursuant to Government Code section 11343.4 (Register 2005, No. 37).

**3085. Americans With Disabilities Act.**

No qualified inmate or parolee with a disability, as defined in Title 42, U.S.C. section 12102 shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of the department, or be subjected to discrimination.

(a) CDC Form 1824 (1/95), Reasonable Modification Or Accommodation Request. If otherwise qualified or eligible, inmates or parolees with disabilities as defined in Title 42, U.S.C. section 12102 may request reasonable modification or accommodation to

achieve access to a program, service, or activity offered by the facility, or may grieve an issue of alleged discrimination based on disability, by completing a CDC Form 1824. The inmate or parolee shall complete the front side of the form and forward it to the appeals coordinator's office. The form shall be screened in accordance with section 3084.3 screening criteria and, if it meets the initial screening criteria, is logged in the CDC Form 645 (7/77), Inmate/Parolee Appeals Log, with the status of a first level of review.

(b) If dissatisfied with the decision rendered on the CDC Form 1824, the appellant may, within 15 days of receipt of the decision, appeal to the second level of review by attaching the original request form, CDC 1824, to a CDC Form 602 (rev. 12-87), Inmate/Parolee Appeal Form, and completing section "F" of the CDC Form 602.

(c) Other provisions pertaining to inmate or parolee appeals not addressed in this section shall apply.

NOTE: Authority cited: section 5058, Penal Code. Reference: Section 5054, Penal Code; Americans With Disabilities Act, Public Law 101-336, July 26, 1990, 104 Stat. 328; and Sections 35.107 and 35.130, Title 28, Code of Federal Regulations.

HISTORY:

1. New section and forms filed 4-7-95 as an emergency pursuant to Penal Code section 5058; operative 4-7-95 (Register 95, No. 14). A Certificate of Compliance must be transmitted to OAL by 9-14-95 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 4-7-95 order transmitted to OAL 6-26-95 and filed 7-25-95 (Register 95, No. 30).