IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD BRATTON, | ) | No. C 07-2928 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER REOPENING CASE;** |
| | ) | **SCHEDULING DISPOSITIVE** |
| | ) | **MOTION BRIEFING** |
| v. | ) | |
| | ) | |
| BEN CURRY, E. KLEIN, A. JANNAH, | ) | |
| B. HEDRICK, M. RAGHUNATH, L. | ) | |
| MACKEY, J. CHURDY, J. ABOYTES, | ) | (Docket No. 75) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983. On March 31, 2009, this Court granted a motion to dismiss Plaintiff's case as partially unexhausted. Specifically, the Court found his medical claim unexhausted, but his kosher meal claim exhausted. The case was stayed and administratively closed for the purpose of allowing Plaintiff to exhaust his medical claim. Plaintiff has filed a motion to reopen the case now in which he indicates he has exhausted all of his "available" administrative remedies with respect to his medical claim, and requests that this matter now proceed based upon both that claim and his kosher meal claim.

Good cause appearing, the motion to reopen the case (docket number 75) is

GRANTED.[1] The Clerk shall REOPEN the file.

In order to expedite the resolution of this case, the Court orders as follows:

1. No later than **ninety (90) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

2. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed. The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead,

---

[1] This does not reflect any judgment by the Court that the medical claim has in fact been exhausted, only that Plaintiff now states that it has been. If Defendants wish, they may argue that the claim is still unexhausted in the dispositive motion ordered below. Such dispositive motion must address both claims, however, so that if defendants argue that the medical claim is unexhausted, they must also address whether or not they are entitled to dismissal or summary judgment on the kosher meal claim on different grounds.

2

> you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

3. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

4. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

7. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and Defendant or Defendant's counsel informed of any change of address by filing and serving a separate paper entitled "Notice of Change of Address" and must comply

with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 17, 2011

JEFFREY S. WHITE
United States District Judge

4

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

RONALD BRATTON,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.
                                    /

Case Number: CV07-02928 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald Bratton
P.O. Box 8101
J45341
San Luis Obispo, CA 93409-8101

Dated: October 17, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk